UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ERIC D. MORROW, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) CAUSE NO. 3:13-CV-520 PS |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Eric D. Morrow, a *pro se* prisoner, filed an amended petition under 28 U.S.C. § 2254 challenging his 2012 conviction in Tippecanoe County for identity deception. (DE 3.) The respondent moves to dismiss the petition without prejudice because Morrow has not yet exhausted his claims in state court. (DE 10.)

In April 2012, Morrow was charged with identity deception after he used someone else's personal information to open a credit account. (DE 10-2 at 1-15.) He was also charged with being a habitual offender based on prior theft and forgery convictions. (DE 10-2 at 2.) In August 2012, he pled guilty to the charges. (DE 10-3 at 1-2.) On September 26, 2012, he was sentenced in accordance with the plea agreement to three years in prison and two years of supervised release. (DE 10-3 at 1; DE 10-1 at 2-3.) On May 7, 2013, he sought leave in the trial court to file a belated appeal. (DE 10-1 at 4.) His motion was denied. (*Id.*) He did not seek further relief in the Indiana Court of Appeals or Indiana Supreme Court in connection with this request. (*Id.*) He also has not yet pursued state post-conviction relief. (*See id.*)

On May 31, 2013, Morrow filed the present petition. (DE 3.) The petition is not a model of clarity, but giving it liberal construction he alleges two claims: (1) his trial counsel was

ineffective in failing to investigate his past mental health problems and various family issues, which could have been presented as mitigating evidence at sentencing; and (2) his rights were violated because he wanted a different appointed counsel to represent him at sentencing. (DE 3 at 5-6.)

Morrow's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a federal court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits, however, I must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted).

Here, as the respondent points out, Morrow has not yet presented either of his claims in one complete round of state review. His request to file a belated appeal was denied in the trial court, and he did not seek further review in the Indiana Court of Appeals or the Indiana Supreme Court. He also has not pursued state post-conviction relief, which is available to him to develop his claims of ineffective assistance of counsel. *See* IND. POST-CONVICT. R. 1 *et seq*. Until he

exhausts his state court remedies, he cannot obtain federal habeas relief. *Lewis*, 390 F.3d at 1026. Accordingly, the petition is subject to dismissal.

I should consider staying rather than dismissing a petition containing unexhausted claims when the one-year statute of limitations under AEDPA has expired, such that "dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). However, a stay is permitted in only "limited circumstances," since if it were employed too frequently the purposes of AEDPA would be undermined. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and undermines AEDPA's goal of "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* In other words, a stay "effectively excuses a petitioner's failure to present his claims first to the state courts," and is thus warranted only when the petitioner can establish good cause for his failure to exhaust his claims in state court before seeking federal habeas relief. *Id.*

Here, Morrow has not requested a stay or otherwise responded to the state's exhaustion argument.[1] He does not offer any reason, let alone a good one, for failing to present his claims to the state courts before proceeding to federal court. Instead, he asks me to "override all courts"

---

[1] Morrow's conviction would have become final when the time for pursuing a direct appeal expired after sentencing. *See Gonzalez v. Thaler*, —U.S.—, 132 S. Ct. 641, 653-54 (2012). However, if he is successful in obtaining leave to file a belated appeal, his conviction would not become final for purposes of 28 U.S.C. § 2244(d)(1)(A) until the belated appeal proceedings are concluded. *Jimenez v. Quarterman*, 555 U.S. 113 (2009). Additionally, during the past year Morrow has filed several motions in the state trial court challenging his sentence. (DE 10-1 at 3-4.) The federal deadline would be tolled while a properly filed motion for state collateral review was pending. 28 U.S.C. § 2244(d)(2); *see also Carter v. Litscher*, 275 F.3d 663 (7th Cir. 2001) (giving broad reading to Section 2244(d)(2) to include any state filing challenging a conviction or sentence, even those based on state law). Based on the current record, it does not appear Morrow would be precluded from returning to federal court after exhausting his state court remedies, assuming he acts diligently.

and allow him to proceed immediately with federal habeas relief, apparently because he feels the state courts are likely to deny his claims. (DE 3 at 10.) This is not a proper reason to dispense with the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Rhines*, 544 U.S. at 274 ("[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."). Therefore, the petition will be dismissed, but the dismissal will be without prejudice to Morrow's right to file a new petition after he exhausts his state court remedies.

For these reasons, the petition (DE 3) is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

ENTERED: February 25, 2014.

                                      s/ Philip P. Simon
                                      PHILIP P. SIMON, CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT